# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| NANCY TATE, | ) |
| | ) Case No. 2:22-cv-1200 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| L J ROSS ASSOCIATES, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, NANCY TATE, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, L J ROSS ASSOCIATES, INC., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. NANCY TATE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of West Allis, County of Milwaukee, State of Wisconsin.

5. The Debt was for a medical bill which was for the personal use of Plaintiff and/or used for household expenditure.

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. L J ROSS ASSOCIATES INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Wisconsin. Defendant's principal place of business is located in the State of Michigan. Defendant is incorporated in the State of Wisconsin.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

13. Defendant has reported the Debt to one or more "consumer reporting agency" as that term is defined by §1681a(f) of the Fair Credit Reporting Act, (hereinafter, FCRA). 15 U.S.C. §1681 *et seq.*

14. Despite the fact that Plaintiff disputed that she owed the debt, Defendant reported the Debt as being owed by Plaintiff.

15. Despite the fact that Plaintiff contacted Defendant and disputed the Debt, Defendant failed to report the Debt as disputed.

16. If Defendant had communicated to the CRAs that the debt was disputed as Congress mandated it do in § 1692e(8), the CRAs then would have been required under the Fair Credit Reporting Act, 15 U.S.C. § 1681c(f), to disclose that fact to all subsequent credit grantors and other users of Plaintiff's consumer reports that include information regarding the debt.

17. In addition, the CRAs' obligatory notation on Plaintiff's consumer reports that the debt is disputed would have neutralized the negative impact of the debt under many credit scoring systems. See e.g. *Saunders v. Branch Banking and Trust Co. of Virginia*, 526 F.3d 142, 150 (4th Cir. 2008).

18. Defendant's failure to comply with §1692e(8) therefore was deceptive and misleading since, among other things, it deprived future users of Plaintiff's consumer reports of essential information relevant to their assessment of Plaintiff's credit worthiness and of Plaintiff's eligibility for other benefits for which the report may be employed and adversely impacted Plaintiff's credit score under certain credit scoring systems.

19. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

20. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

21. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NANCY TATE, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**NANCY TATE**

By:   s/ David M. Marco
      Attorney for Plaintiff

Dated: October 7, 2022

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithmarco.com